UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES SWANN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CV-246-TAV-DCP ) |
| WASHINGTON COUNTY JAIL and NURSE LISA, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner proceeding pro se, has filed a complaint under 42 U.S.C. § 1983 [Doc. 2], and a motion to proceed *in forma pauperis* [Doc. 1] in this civil rights action alleging that Defendants have denied him cancer treatment. For the reasons set forth below, the Court will grant Plaintiff pauper status, dismiss Defendant Washington County Jail, and allow Plaintiff's claim to proceed as to Defendant Nurse Lisa.

I.  **APPLICATION OF "THREE STRIKES"**

Under the Prison Litigation Reform Act ("PLRA"), a plaintiff may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (quotation marks omitted). This provision is commonly referred to as the "three strikes" rule. *See, e.g., Rittner v. Kinder*, 290 F. App'x 796, 797, 2008 WL 3889860, at *1 (6th Cir. 2008).

Plaintiff has had three or more civil cases dismissed as "strikes." *See, e.g.*, *Swann v. Penske*, No. 1:20-cv-264 (E.D. Tenn. June 28, 2021), *report and recommendation adopted*, (July 19, 2021) (dismissal for failure to state a claim); *Swann v. Dist. Atty. of Kingsport*, No. 1:22-cv-25 (E.D. Tenn. Feb. 7, 2022) (dismissal as malicious and for failure to state a claim); *Swann v. Swann*, No. 2:21-cv-193 (E.D. Tenn. Jan. 27, 2022), *report and recommendation adopted*, (Feb. 24, 2022) (dismissal as frivolous and for failure to state a claim). Therefore, Plaintiff is barred from proceeding *in forma pauperis* in this, or in any future action, unless he adequately pleads that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In his Complaint, Plaintiff maintains that Defendants have denied him cancer treatment [Doc. 2 p. 2]. The Court finds this allegation sufficient to suggest that Plaintiff is under imminent danger of serious physical injury, and it will allow Plaintiff to proceed as a pauper in this action provided he otherwise meets the requirements of the statute.

## II.  MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* and supporting documents [*See* Docs. 1 and 5] that he lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is

the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

### III. SCREENING OF COMPLAINT

#### A. Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v.*

3

Case 3:22-cv-00246-TAV-DCP   Document 6   Filed 08/19/22   Page 3 of 7   PageID #: 20

*Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.     Plaintiff's Allegations**

Plaintiff, an inmate in the Washington County Jail, claims that Defendants "failed to take [him] to the cancer center so [he] could have treatments for [his] cancer," and that

4

Defendants refuse to take x-rays, provide radiation treatment, or "help with anything related to [his] cancer treatment" [Doc. 2 p. 3-4].

### C. Analysis

Plaintiff has named the Washington County Jail as a Defendant in this action [Doc. 2 p. 1]. However, a jail is not a "person" subject to suit under § 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). By contrast, Washington County, the entity operating the jail, is itself is amenable to suit under § 1983 where Plaintiff alleges that the policies and/or customs of the County caused Plaintiff's rights to be violated. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff has not alleged that he has been denied medical care due to any policies or established customs of the municipality, and therefore, he cannot maintain suit against Washington County itself. Accordingly, Washington County Jail will be **DISMISSED** from this action.

The remaining Defendant in this action is Washington County Jail's Head Nurse, Lisa [Doc. 2]. Assuming the truthfulness of Plaintiff's factual allegations at this stage of proceedings, the Court finds Plaintiff's allegations are sufficient to allow an inference that

5

Head Nurse Lisa is denying Plaintiff cancer treatment and/or monitoring. Therefore, the Court will allow a denial-of-medical-care claim to **PROCEED** as to this Defendant.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's claim for the denial of medical care will proceed against Nurse Lisa;

6. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Nurse Lisa;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Memorandum and Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. Defendant Washington County Jail is **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE