UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES SWANN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CV-246-TAV-DCP ) |
| NURSE LISA, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

On August 19, 2022, this Court entered an Order allowing this pro se prisoner's civil rights action to proceed as to Defendant Nurse Lisa and providing Plaintiff twenty-one (21) days from entry of the Order to return a service packet for the Defendant [Doc. 6]. The Order cautioned Plaintiff that this action would be dismissed if he failed to timely return the completed service packet [*Id.* at 6]. The deadline for compliance has passed, and Plaintiff has not returned the service packet or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash*

*R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous Order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's previous Order but chose not to comply with it. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's Order has not prejudiced Defendant, as she has not been served. As to the third factor, the Court warned Plaintiff that if he failed to timely comply with its Order, the Court would order the case dismissed for want of prosecution. As to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is indigent and has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying

with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE